COOLEY LLP
TIMOTHY S. TETER (171451)
(teterts@cooley.com)
MATTHEW J. BRIGHAM (191428)
(mbrigham@cooley.com)
BENJAMIN G. DAMSTEDT (230311)
(bdamstedt@cooley.com)
LOWELL D. MEAD (223989)
(lmead@cooley.com)
PRIYA VISWANATH (238089)
(pviswanath@cooley.com)
DENA CHEN (286452)
(dchen@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304
Tel:  650-843-5000
Fax: 650-849-7400

Attorneys for Defendant Apple Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

| | |
|---|---|
| ODYSSEY WIRELESS, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>APPLE INC.,<br><br>　　　　　Defendant. | Case No.  3:15-CV-01735-H-RBB<br><br>**APPLE'S MEMORANDUM IN SUPPORT OF ITS MOTIONS *IN LIMINE***<br><br>Date:　　October 21, 2016<br>Time:　　10:30 a.m.<br>Ctrm:　　15A<br>Judge:　　Hon. Marilyn Huff |

**FILED UNDER SEAL**

# TABLE OF CONTENTS

**Page**

I.  MOTION #1: TO EXCLUDE APPLE'S OVERALL FINANCIALS OR FINANCIAL AMOUNTS THAT ARE NOT PART OF MR. WEINSTEIN'S ROYALTY CALCULATION (FED. R. EVID. 401, 402, 403). ...................................................................................... 1

II. MOTION #2: TO PRECLUDE PETER KARABINIS FROM PROVIDING UNDISCLOSED OPINIONS (FED. R. CIV. P. 26(A)(2), 37(C); FED. R. EVID. 401, 402, 403, 701, 702, 703). ....................................... 2

III. MOTION #3: TO PRECLUDE REFERENCE TO OTHER LITIGATIONS (FED. R. EVID. 401, 402, 403, 408; FED. R. CIV. P. 26, 37(C)). .................................................................................................. 5

IV. MOTION #4: TO PRECLUDE ODYSSEY FROM INVADING THE PROVINCE OF THE COURT BY MAKING LEGAL ARGUMENTS TO THE JURY. .................................................................................................. 9

V. MOTION #5: TO EXCLUDE ANY ARGUMENT ALLEGING "WILLFUL" INFRINGEMENT (FED. R. EVID. 401, 402, 403; FED. R. CIV. P. 26, 37(C)). ........................................................................ 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abbott Labs. v. Sandoz*,
  743 F. Supp. 2d 762 (N.D. Ill. 2010) .................................................................. 6

*Deflecto v. Dundas Jafine*,
  No. 13-0116, 2015 WL 9413148 (W.D. Mo. Dec. 22, 2015) ............................. 11

*DNT v. Sprint Spectrum*,
  No. 09-21, 2010 WL 582164 (E.D. Va. Feb. 12, 2010) ..................................... 11

*Ericsson v. D-Link Sys.*,
  773 F.3d 1201 (Fed. Cir. 2014) .......................................................................... 2

*Golden Bridge Tech. v. Apple*,
  No. 12-4882, 2014 WL 4057187 (N.D. Cal. June 1, 2014) ................................ 1

*Golden Bridge Tech. v. Apple*,
  No. 12-4882, Dkt. 469 (N.D. Cal. May 16, 2014) ............................................. 11

*Hewlett-Packard v. Mustek Systems*,
  No. 99-cv-351-RHW, 2001 WL 36166855 (S.D. Cal. June 11, 2001) .............. 10

*HTC v. Tech. Props.*,
  No. 08-882, 2013 WL 4782598 (N.D. Cal. Sept. 6, 2013) .................................. 2

*In re Initial Public Offering Sec. Litig.*,
  174 F. Supp. 2d 61 (S.D.N.Y. 2001) ................................................................... 9

*In re Innovatio IP Ventures Patent Litig.*,
  No. 11-9308, 2013 WL 5593609 (N.D. Ill. Oct. 3, 2013) ............................. 9, 10

*LaserDynamics v. Quanta Computer*,
  694 F.3d 51 (Fed. Cir. 2012) ...................................................................... 1, 7, 8

*Mendenhall v. Cedarapids*,
  5 F.3d 1557 (Fed. Cir. 1993) ............................................................................. 10

*Multimedia Patent Trust v. Apple*,
  No. 10-2618, 2012 WL 12868264 (S.D. Cal. Nov. 20, 2012) (Huff, J.) ....... 1, 9, 11

# TABLE OF AUTHORITIES
## (continued)

Page(s)

*Nationwide v. Cass Info. Sys.*,
  523 F. 3d 1051 (9th Cir. 2008) .................................................................................. 9

*Remel v. State Farm*,
  No. 07-126, 2009 WL 544140 (S.D. Miss. Mar. 3, 2009) ........................................ 5

*ResQNet.com v. Lansa*,
  594 F.3d 860 (Fed. Cir. 2010) .................................................................................. 8

*Rude v. Westcott*,
  130 U.S. 152 (1889) .................................................................................................. 8

*Spellbound Dev. Grp. v. Pac. Handy Cutter*,
  No. 09-0951, 2012 WL 8748801 (C.D. Cal. Feb. 24, 2012) .................................... 4

*Two Moms & A Toy v. Int'l Playthings*,
  No. 10-02271, 2012 WL 5187757 (D. Colo. Oct. 19, 2012) .................................... 4

*Uniloc USA v. Microsoft*,
  632 F.3d 1292 (Fed. Cir. 2011) ................................................................................ 1

*United States v. Williams*,
  526 F. 3d 1312 (11th Cir. 2008) ............................................................................. 10

*Verizon Servs. v. Cox Fibernet Va.*,
  602 F.3d 1325 (Fed. Cir. 2010) ................................................................................ 4

*VirnetX v. Cisco Sys.*,
  767 F.3d 1308 (Fed. Cir. 2014) ................................................................................ 1

*Wilson v. Hartford Ins. Co.*,
  No. C10-993RAJ, 2011 WL 2670199 (July 7, 2011) ............................................. 10

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

**Other Authorities**

Federal Rules of Civil Procedure
    26 ............................................................................................................................*passim*
    26(a) ....................................................................................................................................4
    26(a)(2) ......................................................................................................................2, 3, 4
    26(a)(2)(B) ..........................................................................................................................3
    26(a)(2)(C) ..........................................................................................................................3
    37 ........................................................................................................................................5
    37(c) ........................................................................................................................*passim*

Federal Rules of Evidence
    401 .........................................................................................................................*passim*
    402 .........................................................................................................................*passim*
    403 .........................................................................................................................*passim*
    408 ..................................................................................................................................5, 9
    701 ..............................................................................................................................2, 3, 4
    702 ..............................................................................................................................2, 3, 4
    703 ..............................................................................................................................2, 3, 4

## I. MOTION #1: TO EXCLUDE APPLE'S OVERALL FINANCIALS OR FINANCIAL AMOUNTS THAT ARE NOT PART OF MR. WEINSTEIN'S ROYALTY CALCULATION (FED. R. EVID. 401, 402, 403).

Due to its minimal probative value but powerful prejudicial effect, Courts have repeatedly excluded financial information that is not correlated to the alleged value of the patent (such as the defendant's overall revenues, profits, and market capitalization). *E.g.*, *Multimedia Patent Trust v. Apple*, No. 10-2618, 2012 WL 12868264, at *6 (S.D. Cal. Nov. 20, 2012) (Huff, J.) (precluding plaintiff from "stating or providing evidence showing Defendants' revenues or profits"); *Uniloc USA v. Microsoft*, 632 F.3d 1292, 1320 (Fed. Cir. 2011) ("disclosure that a company has made $19 billion dollars in revenue from an infringing product cannot help but skew the damages horizon for the jury"); *LaserDynamics v. Quanta Computer*, 694 F.3d 51, 68 (Fed. Cir. 2012) ("Admission of such overall revenues, which have no demonstrated correlation to the value of the patented feature alone, only serve to make a patentee's proffered damages amount appear modest by comparison, and to artificially inflate the jury's damages calculation beyond that which is 'adequate to compensate for the infringement.'"); *VirnetX v. Cisco Sys.*, 767 F.3d 1308, 1326-27 (Fed. Cir. 2014) (introducing revenue attributable to unpatented features improperly skews the jury's damages horizon); *Golden Bridge Tech. v. Apple*, No. 12-4882, 2014 WL 4057187, at *2 (N.D. Cal. June 1, 2014) (excluding "Any Argument or Testimony Regarding Apple's Size, Wealth, Market Capitalization, Cash, Overall Revenues, Revenues on Accused Products, or Entire Market Value of Apple's Accused Sales").

Here, Mr. Weinstein does not rely on the financial amounts of any Apple licenses, nor does he rely on the entire market value rule. (Weinstein Rpt., ¶ 115 (Dkt. 259, Ex. 5) ("I note that my reasonable royalty calculations are not based on a showing that the 'entire market value' of the accused Apple products is attributable to the Patents-in-Suit."); *id.* at ¶¶ 126-129.) Moreover, during his deposition,

1  Mr. Weinstein confirmed that he did not rely upon Apple's total revenues for the
2  accused products for his royalty calculations. (Teter Ex. 1 (Weinstein Apple Depo.)
3  18:25-19:2 ("Q. Does your reasonable royalty determination in this case rely upon
4  those entire market revenues? A. It does not.").) Nevertheless, Mr. Weinstein's
5  damages report makes numerous references to Apple's size and wealth. (*E.g.*,
6  Weinstein Rpt., ¶¶ 11, 13, 146, 174-75, 256, Tables 1, 2, 10, 11, Exs. 3,5, 7, 8
7  (Dkt. 259, Ex. 5); Weinstein Supp. Exs. 5A, 7A, 8A (Dkt. 259, Ex. 6).)[1]

8  References to overall financial amounts that do not form part of Mr.
9  Weinstein's damages calculation are irrelevant and would improperly skew the
10 damages horizon. *Ericsson v. D-Link Sys.*, 773 F.3d 1201, 1228 (Fed. Cir. 2014)
11 ("district courts must assess the extent to which the proffered testimony … would
12 skew unfairly the jury's ability to apportion the damages to account only for the
13 value attributable to the infringing features"); *HTC v. Tech. Props.*, No. 08-882,
14 2013 WL 4782598, at *6 (N.D. Cal. Sept. 6, 2013) ("The court finds that the
15 probative value of evidence related to HTC's size, wealth, or overall revenues is
16 substantially outweighed by the risk of unfair prejudice, confusion of the issues and
17 misleading the jury necessitating its exclusion under Rule 403.").

18 Accordingly, the Court should exclude all argument, testimony, evidence,
19 and reference to Apple's size, finances, wealth, market capitalization, overall
20 revenues, total revenues for LTE devices, profits, net income, and the financial
21 amounts in non-comparable licenses. Fed. R. Evid. 401, 402, 403.

22 **II.  MOTION #2:  TO PRECLUDE PETER KARABINIS FROM PROVIDING
        UNDISCLOSED OPINIONS (FED. R. CIV. P. 26(A)(2), 37(C); FED. R. EVID.
23      401, 402, 403, 701, 702, 703).**

24 The Court should exclude any opinions from Peter Karabinis, the named
25 inventor on the patents-in-suit, that were not disclosed in his deposition or any

---

[1] Odyssey's past briefing also referred to the size and wealth of Defendants. (*E.g.*, Dkt. 64 at 1 (Opp. to Transfer Mot.) ("some of the largest companies in the world," "billion-dollar companies").)

1  expert report. Fed. R. Civ. P. 26(a)(2), 37(c); Fed. R. Evid. 701, 702, 703.

2  Odyssey initially listed Dr. Karabinis among its potential expert witnesses.
3  (Teter Ex. 2 at 4 (emphasis added).) But the June 30th (infringement) and July 27th
4  (validity) deadlines both passed, and Dr. Karabinis did not provide any expert
5  report (under Rule 26(a)(2)(B)) or disclosure (under Rule 26(a)(2)(C)). (Dkt. 197.)
6  When Odyssey supplemented its responses to Defendants' validity interrogatories
7  on the last day of the fact discovery period, Odyssey referred only to the opinions
8  of its technical expert, Dr. Chiang, but said nothing about relying on Dr. Karabinis
9  for validity. (First Supp. Rog. Nos. 9-10 Resp., Teter Ex. 3 at 8, 9.) Odyssey did
10 not provide any expert report or disclosure by Dr. Karabinis.

11 In addition, during his deposition, Dr. Karabinis was not prepared to offer
12 any opinions about the alleged invention other than to recite the claim language.
13 (Teter Ex. 4 (Karabinis Depo.) 165:9-171:10.) Dr. Karabinis is the sole named
14 inventor on all patents-in-suit, and was the sole designee from Odyssey for
15 corporate 30(b)(6) deposition topics, including "the alleged inventions described in
16 the Patents-in-Suit." (*Id.*, 167:10-13.) Nevertheless, during the deposition, Dr.
17 Karabinis refused to provide testimony regarding the alleged inventions beyond
18 pointing to the language in ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
19 ▉▉▉▉ After using the term "inventive concept," Dr. Karabinis testified:
20 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
21 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
22 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
23 (*Id.*, 170:15-171:10.) As another example, ▉▉▉▉▉▉▉▉▉▉▉▉
24 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉, he refused to provide testimony regarding his
25 alleged contribution over the prior art:
26 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
27 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
28 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉



In light of the failure to provide a report or disclosure from Dr. Karabinis providing any opinions, as well as his refusal to answer questions during deposition, it would be prejudicial and improper for Odyssey to offer new, previously undisclosed opinions from Dr. Karabinis at trial. Fed. R. Civ. 26(a) (requiring disclosure of expert testimony); 37(c) (barring testimony not disclosed as required by Rule 26); *Verizon Servs. v. Cox Fibernet Va.*, 602 F.3d 1325, 1339-40 (Fed. Cir. 2010) (affirming district court decision "limiting inventor testimony to factual testimony that did not require expert opinion."); *Spellbound Dev. Grp. v. Pac. Handy Cutter*, No. 09-0951, 2012 WL 8748801, at *4 (C.D. Cal. Feb. 24, 2012) (excluding "testimony on technical aspects [of] the patents-in-suit" by the plaintiff's "CEO/inventor").[2]

Accordingly, the Court should preclude Dr. Karabinis from providing expert testimony and opinions. *See* Fed. R. Evid. 401, 402, 403, 701, 702, 703; Fed. R. Civ. 26(a), 37(c).

---

[2] *Two Moms & A Toy v. Int'l Playthings*, No. 10-02271, 2012 WL 5187757, at *2 (D. Colo. Oct. 19, 2012) ("Two Moms' failure to disclose Ms. Austin as an expert pursuant to Rule 26(a)(2) limits the scope of the testimony she may provide.").

### III. MOTION #3: TO PRECLUDE REFERENCE TO OTHER LITIGATIONS (FED. R. EVID. 401, 402, 403, 408; FED. R. CIV. P. 26, 37(C)).

The Court should preclude any argument, testimony, evidence, or reference to other litigations and lawsuits as irrelevant, unfairly prejudicial, confusing, and misleading. Fed. R. Evid. 401, 402, 403.

#### A.   The record from Odyssey's other lawsuits should be excluded.

The Court should preclude Odyssey from presenting any argument, testimony, or evidence from Odyssey's separate lawsuits against Motorola, Samsung, and LG. Such evidence would be highly prejudicial to Apple and misleading and confusing to the jury, vastly outweighing any potential relevance. Fed. R. Evid. 401, 402, 403. Any use of discovery from the other lawsuits is also barred by Rules 26 and 37 and fundamental due process because that discovery was not produced to Apple in *this* case, and Apple was not involved in the discovery specific to the other three cases. Fed. R. Civ. P. 26, 37(c).

The Court correctly denied Odyssey's motions to consolidate the four Odyssey actions. The Apple case is separate and distinct from the other three cases. Due process, fundamental fairness, and the Federal Rules require that the Apple case be tried only on the Apple case record that is available to Apple. The three other lawsuits involve different experts, different accused products, different corporate witnesses, different discovery, and other defendant-specific information Apple never received. Apple did not jointly retain any experts with LG, Motorola, and Samsung, and did not participate in expert discovery involving the other defendants' experts (or vice-versa). *Remel v. State Farm*, No. 07-126, 2009 WL 544140, at *1 (S.D. Miss. Mar. 3, 2009) ("Impeachment of a witness by using a deposition transcript taken of a different witness in a separate case will not be allowed.").

Nor did Apple have access to the confidential written discovery and documents produced by the defendants in the other cases. In fact, the Protective

1  Order in each of the three other Odyssey actions prohibits Odyssey from using any
2  of those three Defendants' designated confidential discovery in the Apple case:
3  "Protected Material designated under the terms of this Protective Order shall be
4  used by a Receiving Party solely for this case, and shall not be used directly or
5  indirectly for any other purpose whatsoever."  Case No. 3:15-cv-01738-H-RBB,
6  Dkt. 131 at 2; Case No. 3:15-cv-01741-H-RBB, Dkt. 109 at 2; Case No. 3:15-cv-
7  01743-H-RBB, Dkt. 114 at 2.  Odyssey should not be permitted to present any
8  argument, testimony, or evidence from Odyssey's separate lawsuits against
9  Motorola, Samsung, and LG.

**B. Introduction of the irrelevant eve-of-trial settlement from *Odyssey v. Motorola* would be unfairly prejudicial and generate a time-wasting and confusing mini-trial.**

The Court should exclude the settlement entered in the *Odyssey v. Motorola* action, which was executed weeks after discovery closed and shortly before trial. Motorola's eve-of-trial settlement has no meaningful relevance to the Apple/Odyssey hypothetical negotiation in March 2012.  To properly account for the many differences between Motorola's litigation settlement and Apple's hypothetical negotiation, Apple would need to obtain and analyze extensive discovery that has not been available to it, both from the record of the underlying litigation between Odyssey and Motorola (such as confidential expert reports, written discovery, documents, and deposition transcripts) and from Motorola itself, such as Motorola's licensing and settlement practices and valuation of patents. Apple did not have the opportunity to take this discovery because the settlement was not available before discovery closed, and there is no time to take this discovery now.

Even if there were time to take this new discovery, introduction of the Motorola settlement would require a "mini-trial" of the Motorola litigation within the Apple litigation.  *Abbott Labs. v. Sandoz*, 743 F. Supp. 2d 762, 767 (N.D. Ill. 2010) ("Admitting evidence of settlement agreements with third parties would

1  'invite a "mini-trial" on similarities and differences in the facts regarding the
2  "same" claims against other defendants' to determine the value of the claim in the
3  case at hand."). Within the fourteen hours that the Court has allocated for each
4  Defendant's case, Apple would not have sufficient time to present all of the
5  relevant similarities and differences between Motorola, Motorola's products, and
6  the Motorola litigation record and Apple, Apple's products, and the Apple record.
7  For example, Apple and its products differentiate themselves based on many
8  attributes, including the unique Apple brand, Apple's iOS ecosystem, and other
9  Apple-specific features, which are fundamentally different from Motorola's
10 business model and its Android-based devices. (*See* Lynde Rpt., Appendix III
11 (Dkt. 259, Ex. 28).) ■■■■■■■■■■
12 ■■■■■■■■■■
13 ■■■■■■■■■■
14 ■■■■■■■■■■
15 ■■■■■■■■■■ Having a
16 trial within a trial about facts from the Motorola case, which would be necessary to
17 put Motorola's settlement in the proper context, would require a longer and more
18 complex trial.
19     In *LaserDynamics*, the Federal Circuit reversed the denial of a new trial
20 motion due to the failure to exclude the eve-of-trial litigation "BenQ" settlement as
21 unfairly prejudicial, confusing, and misleading under Federal Rule of Evidence 403.
22 *LaserDynamics v. Quanta Comp.*, 694 F.3d 51, 78 (Fed. Cir. 2012). The Motorola
23 settlement here should be excluded for similar reasons as the BenQ settlement in
24 *LaserDynamics*.
25     First, like the settlement in *LaserDynamics*, Motorola and Odyssey entered
26 into the settlement agreement "shortly before a trial," so that it does not suggest
27
28 [3] *See* Case No. 3:15-cv-01738-H-RBB, Dkt. 332-1 at 7.

1  anything more than Motorola's "desire to avoid further litigation under the
2  circumstances." *LaserDynamics*, 694 F.3d at 78.  The Supreme Court long ago
3  observed that "[m]any considerations other than the value of the improvements
4  patented may induce the payment" of settlement agreements, chief among them the
5  "avoidance of the risk and expense of litigation." *Rude v. Westcott*, 130 U.S. 152,
6  164 (1889) (cited in *Laser Dynamics*, 694 F.3d at 77).

7  Second, the BenQ settlement was "entered into a full three years after the
8  hypothetical negotiation date," and the Motorola settlement is even more remote—
9  it settled four and a half years after Apple's hypothetical negotiation in early 2012.
10 (Lynde Rpt., ¶ 58, Table 4 (Dkt. 259, Ex. 28).)

11 Third, as set forth above, the Motorola settlement is non-comparable to the
12 Apple hypothetical negotiation for many reasons, including reasons that would
13 need to be developed through further discovery and a mini-trial that cannot be fairly
14 accommodated in this case.

15 The Motorola settlement therefore falls "outside the limited scope of
16 circumstances under which [the Federal Circuit] deemed the settlement agreement
17 in *ResQNet* admissible and probative." *Laser Dynamics*, 694 F.3d at 78 (citing
18 *ResQNet.com v. Lansa*, 594 F.3d 860 (Fed. Cir. 2010)).  Any arguable probative
19 value of the Motorola litigation settlement is substantially outweighed by unfair
20 prejudice to Apple and the risk of confusing and misleading the jury.  Fed. R. Evid.
21 402, 403.

22   **C.   Other litigation involving Apple is irrelevant.**

23 Mr. Weinstein's report also refers to unrelated and irrelevant past litigations
24 involving Apple and third parties. (*E.g.*, Weinstein Rpt., ¶ 12 (Dkt. No. 259, Ex. 5)
25 (referring to lawsuits against HTC, Nokia, Samsung, and Motorola).)
26 Those lawsuits involved different parties, different patents, different products, and
27 different issues.  Any reference to those lawsuits should be excluded because they
28 are irrelevant and would be inflammatory, unfairly prejudicial to Apple, and

1  misleading and confusing to the jury. *See Multimedia Patent Trust v. Apple*, No.
2  10-2618, 2012 WL 12868264, at *8 (S.D. Cal. Nov. 20, 2012) (Huff, J.)
3  (precluding "direct or indirect mention of the litigation between Apple and
4  Samsung").

5       Accordingly, the Court should preclude any argument, testimony, evidence,
6  or reference to other lawsuits, including Odyssey's other litigations, the resulting
7  Motorola settlement, and other litigation involving Apple and third parties. Fed. R.
8  Evid. 401, 402, 403, 408; Fed. R. Civ. P. 26, 37(c).

### IV. MOTION #4: TO PRECLUDE ODYSSEY FROM INVADING THE PROVINCE OF THE COURT BY MAKING LEGAL ARGUMENTS TO THE JURY.

Apple also moves to ensure that the presentations at trial do not invade the province of the Court to instruct the jury on the law. The following are two examples.

#### A. Odyssey should be precluded from referring to non-binding district court decisions and out-of-circuit judges.

Odyssey and its damages expert, Mr. Weinstein, have repeatedly referenced a non-binding district court decision by an out-of-circuit judge regarding non-LTE technology. *In re Innovatio IP Ventures Patent Litig.*, No. 11-9308, 2013 WL 5593609 (N.D. Ill. Oct. 3, 2013) (Holderman, J.). Allowing Mr. Weinstein, an economist, to argue that his 10/84 opinion has been supposedly endorsed by another judge would improperly invade the province of this Court. *See Nationwide v. Cass Info. Sys.*, 523 F. 3d 1051, 1058 (9th Cir. 2008) ("[A]n expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law. Similarly, instructing the jury as to the applicable law is the distinct and exclusive province of the court.") (citation omitted). "[E]very circuit has explicitly held that experts may not invade the court's province by testifying on issues of law." *In re Initial Public Offering Sec. Litig.*, 174 F. Supp. 2d 61, 64-65 (S.D.N.Y. 2001) (citing cases). Likewise, it would be improper for Odyssey's counsel to make any reference to the jury about Judge Holderman or *Innovatio*, as if

they were legal authority binding this jury. *United States v. Williams*, 526 F. 3d 1312, 1320 (11th Cir. 2008) ("In arguing the law to the jury, counsel is confined to principles that will later be incorporated and charged to the jury.") (citation omitted).

The facts, patents, products, and record in *In re Innovatio* have no connection to this case—and any reference to it would unfairly prejudice Apple, mislead and confuse the jury, and invite a mini-trial regarding the evidentiary record before Judge Holderman (which is not of record in this case) and the analysis in that 89-page order. References to *In re Innovatio* or Judge Holderman in this case would be highly prejudicial, erroneously implying to the jury that a different court (or this Court) somehow blessed Mr. Weinstein's methodology in this case. Fed. R. Evid. 401, 402, 403; *Mendenhall v. Cedarapids*, 5 F.3d 1557, 1574-75 (Fed. Cir. 1993) (evidence from other litigations risks confusing the jury by "exposing the jury to another judge's statements on the law" or the application of that law to the facts of another case).

### B. Odyssey should be precluded from referring to past rulings and statements by this Court.

As another example, the Court should preclude Odyssey from making any reference to the Court's pre-trial rulings and orders, other than the Court's claim constructions set forth in the Court's claim construction order. Courts routinely preclude parties from referring to pre-trial rulings by the presiding court due to the risk of unfair prejudice and confusing and misleading the jury. *E.g.*, *Hewlett-Packard v. Mustek Systems*, No. 99-cv-351-RHW, 2001 WL 36166855, at *4 (S.D. Cal. June 11, 2001) ("The parties shall not refer to any of the Court's prior orders or rulings."); *Wilson v. Hartford Ins. Co.*, No. C10-993RAJ, 2011 WL 2670199, at *4 (July 7, 2011) ("The court's prior rulings will neither be presented nor mentioned to the jury."). In this case, any reference to the Court's prior rulings—such as the Court's orders denying Apple's motions on summary judgment, *Daubert* (without

prejudice), and dismissal for lack of standing, and the fact that the Court did not adopt certain of Apple's proposed claim constructions—would be unfairly prejudicial, confusing, and misleading. Fed. R. Evid. 402, 403.

## V. MOTION #5: TO EXCLUDE ANY ARGUMENT ALLEGING "WILLFUL" INFRINGEMENT (FED. R. EVID. 401, 402, 403; FED. R. CIV. P. 26, 37(C)).

Odyssey has no willfulness claim in this case. Odyssey did not plead willfulness in its complaint (Dkt. 1, 37); made no mention of willfulness in its Rule 26 initial disclosures (Dkt. 304-2); and did not otherwise allege or assert willfulness. The Court should therefore preclude Odyssey from arguing, suggesting, or eliciting testimony, opinions, or evidence that Apple has engaged in any willful or otherwise culpable wrongdoing, which would be irrelevant, misleading, confusing, and highly prejudicial. *Multimedia Patent Trust*, 2012 WL 12868264, at *8 (precluding plaintiff from "making direct or indirect mention of willful infringement by Apple"); Fed. R. Evid. 401, 402, 403; *Golden Bridge Tech. v. Apple*, No. 12-4882, Dkt. 469 at 6 (N.D. Cal. May 16, 2014) (precluding "Any Argument or Testimony that Apple Has Been 'Willful,' Intentional, or Otherwise Culpable Regarding" the asserted patent); *DNT v. Sprint Spectrum*, No. 09-21, 2010 WL 582164, at *3 (E.D. Va. Feb. 12, 2010) (granting motion *in limine* where plaintiff "did not plead willful infringement in either its original complaint or amended complaint").

Inflammatory language has no place in this patent trial. Odyssey should be prohibited from suggesting that Apple willfully infringed the patents-in-suit or otherwise engaged in any culpable conduct, such as allegedly copying the claimed inventions or committing any conduct that requires punitive relief.[4] Such arguments would be improper and designed to inflame and distract the jury from

---

[4] *Deflecto v. Dundas Jafine*, No. 13-0116, 2015 WL 9413148, at *1 (W.D. Mo. Dec. 22, 2015) (stating "all lawyers and witnesses will be precluded from using inflammatory, pejorative, or loaded words such as 'copycat,' 'knockoff,' 'ripped off,' and 'stole'").

1 | the relevant evidence, and confuse the issues on the merits.

2 |     Accordingly, the Court should preclude any argument or suggestion
3 | disparaging corporate character or that Apple willfully or knowingly infringed.  *See*
4 | Fed. R. Evid. 402, 403; Fed. R. Civ. P. 26, 37(c).

Dated:   September 23, 2016

*/s/ Timothy S. Teter*
TIMOTHY S. TETER (171451)
(teterts@cooley.com)
MATTHEW J. BRIGHAM (191428)
(mbrigham@cooley.com)
BENJAMIN G. DAMSTEDT (230311)
(bdamstedt@cooley.com)
LOWELL D. MEAD (223989)
(lmead@cooley.com)
PRIYA VISWANATH (238089)
(pviswanath@cooley.com)
DENA CHEN (286452)
(dchen@cooley.com)
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Tel:  650-843-5000
Fax:  650-849-7400

Attorneys for Defendant Apple Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies that counsel of record who are deemed to have consented to electronic service are being served on September 23, 2016, with a copy of this document via the Court's CM/ECF system per Local Rules.

By: *Timothy S. Teter*